HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN D. OLBRECHT,

        Plaintiff,

v.

CITY OF TACOMA,

        Defendant.

CASE NO. 3:17-CV-5534 RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IFP WITH LEAVE TO AMEND

THIS MATTER is before the Court on Plaintiff Olbrecht's Motion for Leave to Proceed *in Forma Pauperis* [Dkt. #1]. Olbrecht is homeless and claims the City of Tacoma has enacted an ordinance that targets the homeless by limiting where they may camp.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Olbrecht has sufficiently demonstrated his indigency. He resides in Tacoma and only receives $855.00 for disability, unemployment, workers compensation, or public assistance each month. He avers that he has no savings or property, and only $1,000 in cash.

The Court cannot assess the frivolity (or lack thereof) of Olbrecht's claims, however, because his complaint lacks sufficient detail to put the Court and the City of Tacoma on notice of his claims and grounds for relief. Olbrecht's allegation that the City is targeting the homeless might warrant judicial review and intervention, but he neglects to describe his legal claim for relief. *See e.g.,* Fed. R. Civ. Pro. 8. He should amend his complaint to include a short and plain statement of the grounds for this Court's jurisdiction and to develop the "who what when where and why" of his facts more fully.

Olbrecht's application as it stands is **DENIED**, without prejudice. He shall have 30 days to amend his complaint to articulate a (proper) basis for this Court's subject matter jurisdiction.

IT IS SO ORDERED.

Dated this 20th day of July, 2017.

Ronald B. Leighton
United States District Judge